UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CENDJOU DORVAL,

                                    Petitioner,

-vs-

WILLIAM P. BARR, Attorney General;
THOMAS FEELEY, Field Office Director
for Detention and Removal, Buffalo
Field Office, Bureau of Immigration
and Customs Enforcement; JEFFEREY
SEARLS, Facility Acting Director
Buffalo Federal Detention Facility,

                                    Respondents.

**No. 6:19-cv-06545-MAT**
**DECISION AND ORDER**

## I. Introduction

Proceeding *pro se*, Cendjou Dorval ("Dorval" or "Petitioner") commenced this habeas proceeding pursuant to 28 U.S.C. § 2241 ("§ 2241") against the named respondents (hereinafter, "the Government" or "Respondents"). Dorval, who is detained pursuant to 8 U.S.C. § 1225(b), challenges his continued detention in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE").

On October 10, 2019, the Court issued a Decision and Order conditionally granting the Petition to the extent that the Government was directed to bring Dorval before an immigration judge ("IJ") within ten (10) days for a bond hearing in accordance with

the Ninth Circuit's order in *Padilla v. Immig. and Customs Enf't*, No. 19-35565 (9th Cir. July 22, 2019).[1]

In addition, the Court stayed the constitutional claims asserted in the Petition pending completion of the bond hearing ordered pursuant to *Padilla*. The Court noted that because it was directing the Government to hold a bond hearing under *Padilla*, it was possible that Dorval would be released under an order of supervision, thereby mooting his Fifth Amendment Due Process claim, as well as his claim under the Eighth Amendment's Excessive Bail Clause. Accordingly, it would be premature to rule on them. The Court stated that if Dorval were released on bond, it would dismiss the Petition as moot. However, if Dorval remained in detention, the Court would proceed to consider the constitutional claims.

The Government, in accordance with the Court's directive in the October 10, 2019 Decision and Order, filed a timely status update following the bond hearing, which was held on October 18, 2019. The Government reported that Dorval was denied bond and attached a copy of the IJ's unfavorable decision (Docket No. 9).

The Court assumes the parties' familiarity with the factual background and procedural history of Dorval's immigration proceedings and the instant habeas proceeding, which was set forth in its previous Decision and Order. For the reasons discussed

---

[1] A copy of the Ninth Circuit's *Padilla* order was attached to the October 10, 2019 Decision and Order as Appendix A.

below, the Court finds that Dorval's constitutional claims are unexhausted. Therefore, the Court will continue to stay the Petition pending Dorval's completion of administrative exhaustion proceedings.

**II. Discussion**

"A habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Michalski v. Decker*, 279 F. Supp.3d 487, 495 (S.D.N.Y. 2018) (citing *Monestime v. Reilly*, 704 F. Supp.2d 453, 456 (S.D.N.Y. 2010) (further citations omitted)). While Section 2241 does not include a statutory exhaustion requirement, courts have generally required exhaustion as a "'prudential matter.'" *Michalski*, 279 F. Supp.3d at 495 (quoting *Paz Nativi v. Shanahan*, No. 16-CV-8496(JPO), 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) (citing *Araujo–Cortes v. Shanahan*, 35 F. Supp.3d 533, 538 (S.D.N.Y. 2014); *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995) ("Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'") (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992))).

Likewise, the immigration regulations relating to bond do not contain a mandatory exhaustion requirement. Rather, when an IJ denies an immigrant release on bond, that decision may be appealed

to the BIA. *See* 8 C.F.R. § 1236.1(d)(3) ("An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals. . . ."); 8 C.F.R. § 1003.19(f) ("An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38."). Title 8 C.F.R. § 1003.38(b) provides that

> [t]he Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge (Form EOIR-26) *shall be filed directly with the Board of Immigration Appeals <u>within 30 calendar days</u> after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision*. . . . A Notice of Appeal (Form EOIR-26) may not be filed by any party who has waived appeal.

8 C.F.R. § 1003.38(b) (emphasis supplied).

A detained non-citizen's failure to exhaust administrative remedies may be excused under certain circumstances, namely, where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; [or] (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted). However, courts confronted with petitions asserting claims similar to those raised by Dorval have consistently held that the prudential exhaustion requirement nevertheless applies. *E.g.*, *Torres v. Decker*, No. 18-CV-10026 (VEC), 2018 WL 6649609, at *2-*3 (S.D.N.Y. Dec. 19, 2018) (staying habeas petition asserting a claim that the IJ

applied an unconstitutional burden of proof in denying bond to immigration detainee alien pending petitioner's completion of administrative appeal of the bond decision to the BIA). While Dorval "presents serious constitutional and statutory challenges to his detention that may very well entitle him to habeas relief[,]" this "circumstance does not entitle [him] to a waiver of the exhaustion requirement" since "'[o]ne purpose of the exhaustion requirement is to facilitate administrative resolution of issues that might "render judicial review unnecessary.'" *Torres*, 2018 WL 6649609, at *4 (quoting *Beharry*, 329 F.3d at 62).

### III. Conclusion

For the foregoing reasons, the Court will continue the stay of the Petition pending Dorval's filing of a timely appeal with the BIA, which is due within 30 days of the date of the IJ's oral decision or mailing of the IJ's written decision, and his completion of an administrative appeal before the BIA.

**SO ORDERED.**

*s/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: October 30, 2019
Rochester, New York.

# Appendix A
*Padilla et al. v. ICE, et al.*, No. 19-35565 (9th Cir. July 2, 2019)